IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| RYAN GALLAGHER, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | 1:16-CV-527-RP |
| § | |
| AUSTIN POLICE DEPARTMENT, § | |
| § | |
| Defendant. § | |

**ORDER**

Before the Court is Defendant Austin Police Department's Motion for Judgment on the Pleadings. (Dkt. 15). Having considered the pleadings, the factual record, and the relevant case law, the Court issues the following order.

**BACKGROUND**

Plaintiff Ryan Gallagher filed an action against the Austin Police Department in state court on February 24, 2016. Defendant Austin Police Department ("APD") removed the action to this Court on April 29, 2016.

Plaintiff's Complaint spans nearly 150 pages, but the relevant factual allegations are stated briefly. Plaintiff appears to be an ordained minister of the Universal Life Church and runs a religiously oriented business of selling seeds, herbs, fruits, and vegetables. Plaintiff states that he "is a Hindu and practices Neurospirituality," which appears to involve the use of nootropics. Plaintiff's examples of these substances include syneperine, tryptophan, and holy basil seeds, which, according to Plaintiff, "are grown for Lord Krishna, and are definitely not illegal."

In the week before he filed his lawsuit, Plaintiff alleges that police seized around 100,000 items, including basil, mango, peaches, pickling cucumbers, along with his nootropics. Plaintiff states that the items were seized "on the ground that it did not show up as Cocaine, Methamphetamine or

Heroine," and that the narcotics sergeant told the other officers to take everything because they could not identify it, though almost everything was labeled.

Plaintiff has alleged that this seizure has damaged his business because he cannot sell his seed inventory or make a nootropic blend. At the time he filed his Complaint, Plaintiff also alleged he would miss the growing season so he would be unable to restock his inventory or grow herbs for food or religious use. Plaintiff alleges that the conduct of the APD officers violated his Fourth and Fourteenth Amendment rights.

Defendant APD filed this motion for judgment on the pleadings on January 26, 2017. Plaintiff has so far filed no response.

## LEGAL STANDARD

A motion for judgment on the pleadings under Rule 12(c) "is subject to the same standards as a motion to dismiss under Rule 12(b)(6)." *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 209–10 (5th Cir. 2010). Accordingly, the court must accept "all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). The plaintiff must plead sufficient facts to "state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The court must initially identify pleadings that are no more than legal conclusions not entitled to the assumption of truth, then assume the veracity of well-pleaded factual allegations and determine whether those allegations plausibly give rise to an entitlement to relief. If not, "the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting Fed. R. Civ. P. 8(a)(2)).

## DISCUSSION

APD argues that the Court should grant judgment on the pleadings for three reasons: (1) APD is not a separate legal entity capable of being sued; (2) Plaintiff has failed to adhere to statutory

prerequisites to suit; and (3) Plaintiff's claims are not supported by his alleged facts. Because the Court finds the first reason to be dispositive, it does not reach the others.

APD is a subdivision of the City of Austin and "cannot pursue a suit on its own unless it is 'a separate and distinct corporate entity.'" *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991). "[U]nless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself." *Id.* at 313–14. APD lacks status as a separate entity and thus is not capable of being sued. *Rivera v. Mike*, No. A-11-CA-275-LY, 2011 WL 6025875, at *3 (W.D. Tex. Dec. 2, 2011). Accordingly, Plaintiff's claims against APD must be dismissed. It appearing that there are no other defendants in this action, this dismissal is dispositive of Plaintiff's case.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** APD's Motion for Judgment on the Pleadings and thus **DISMISSES** Plaintiff's claims. (Dkt. 15).

**SIGNED** on March 21, 2017.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE